UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KATAJA,

        Petitioner,

v.                                                           Case Number: 11-cv-13184
                                                             Honorable Marianne O. Battani

KEN ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER**
**SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING**
**AN APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I.     INTRODUCTION**

Pending before the Court is Petitioner David Kataja's Petition for Writ of Habeas Corpus,

filed on July 22, 2011, pursuant to 28 U.S.C. § 2254.  Petitioner is presently confined at the

Macomb Correctional Facility in New Haven, Michigan.  He filed this *pro se* Habeas Petition

challenging his 2007 convictions for criminal sexual conduct second degree (CSC II), attempted

CSC II, and furnishing alcohol to a minor, imposed by an Oakland County Circuit Court jury.

Three days prior to filing this Habeas Petition, on July 19, 2011, Petitioner, through counsel,

filed a Habeas Petition challenging these same convictions.  That case was assigned to The

Honorable Patrick J. Duggan.  *See Kataja v. Romanowski*, No. 11-CV-13125.  A decision has not

yet been rendered in that case.  For the reasons stated below, the Court will dismiss the current

Habeas Petition as duplicative of that Petition.  The Court also will decline to issue Petitioner a

Certificate of Appealability and will deny him an Application for Leave to Proceed *In Forma*

*Pauperis* on Appeal.

## II.      DISCUSSION

### A.      Habeas Petition is Duplicative

The Court will dismiss this Petition, because it is duplicative of the Petition that is currently pending before The Honorable Patrick J. Duggan.  A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions.  *See Barapind v. Reno*, 72 F.Supp.2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted).  Petitioner's current Habeas Petition is subject to dismissal as being duplicative of his still pending first Habeas Petition, because the instant Petition is essentially the same as the earlier Petition and both seek the same relief.  *Id.*; *see also Davis v. United States Parole Comm'n*, 870 F.2d 657 (Table), No.1989 WL 25837, at * 1 (6th Cir. Mar. 7, 1989) (district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *Davis v. Sherry*, No. 07-12470, 2007 WL 2002881, at * 1 (E.D. Mich. July 5, 2007) (same).

### B.      Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether he states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*,

529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct

to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

court erred in dismissing the petition or that the petition should be allowed to proceed further.  In

such a circumstance, no appeal would be warranted.  *Id.*  "The district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant."  Rules

Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

      For the reasons stated in this Opinion and Order, the Court will decline to issue Petitioner

a Certificate of Appealability because jurists of reason would not find its decision to be

debatable.  *Siebert v. Jackson*, 205 F.Supp.2d 727, 735 (E.D. Mich. 2002).  The Court further

concludes that any Appeal from this Order would be frivolous and cannot be taken in good faith.

See Fed.R.App.P. 24(a).  Therefore, the Court denies Petitioner an Application for Leave to

Proceed *In Forma Pauperis* on Appeal.

## III.    CONCLUSION

      Accordingly, **IT IS ORDERED** that Petitioner's Habeas Petition is **DISMISSED**

**WITHOUT PREJUDICE**.

      **IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a Certificate of

Appealability and denies him an Application for Leave to Proceed *In Forma Pauperis* on

Appeal.

      **IT IS SO ORDERED**.

                          s/Marianne O. Battani
                          MARIANNE O. BATTANI
                          UNITED STATES DISTRICT JUDGE

DATED: August 2, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the

Petitioner, David Kataja, via ordinary U.S. Mail

s/Bernadette M. Thebolt

Case Manager